My name is Kevin Bovea. On behalf of the petitioner, Ciudad Colima-Aguirre, this case, Your Honors, deals with two issues. One, jurisdiction, and two, remand. If jurisdiction, then remand. On the issue of jurisdiction, the Medina Morales case controls. Why? Because the board decision in this case is a decision regarding a motion to remand. It is not a judgment regarding relief under the U.S. Constitution. Yes, but it's because the BIA expressly found that Colima-Aguirre could not establish the extreme hardship required for cancellation under the special rule. I agree, Your Honor, but So why doesn't that, that's, there you go. Well, Your Honor, because if you look at the, in the Medina Morales, the court distinguished between a discretionary aspect of the denial versus the denial of the discretionary relief because there were also discretionary issues involved in that case as well. And so, but what the board looked at in this case is the motion to remand. And if there, if it is not a judgment for, if it is not a judgment regarding relief under 8 U.S.C. 1229B, there is therefore no bar to jurisdiction under 12, under They say, in addition, even if Mr. Garcia's conduct on that instance does trigger the section, we're unable to find a prima facie proof that would establish the extreme hardship requirement. Consequently, she has not shown. So I don't see how you get around that. Again, because the court was, the court didn't, the court did not make a, the court did not deny the relief of cancellation of removal. It denied the motion to remand. And there's a separate But it did so by adjudicating one of the elements on the merits. It says we're not going to remand because it's futile because, look, there's this element can't be established. And that's more than ruling on a motion to, to, to remand. Given that determination, there's no way. I mean, remanding would be, would be futile. I mean, let's say we send him back and he's stuck with that, with that determination. There's no point to it because that determination stays in place and bars future relief. We'd have to vacate, we'd have to vacate that determination by the board. And that we have jurisdiction, that we don't have jurisdiction to do. Well, but, but don't forget, Your Honors, that the, the issue on motion to remand is did the petitioner, did the alien present a prima facie case? And so, so that's where the question today before the court, is there jurisdiction to review whether she presented a prima facie case of hardship? I think that there, that is not a judgment regarding relief So, so let's say we agree with you. Yes, sir. And then where do we go? Because the BIA has already, already told us we go there too and you still don't win because you fail in the ultimate question. Well, they, it, it may be. Check this out. We said it, let's say we send this back, what happens? Then, then they review the, then the board would review the three elements involved in this case, battery. They say, we did this. And even if we do that and we give everything, we give to you everything to which you claim you're entitled, you still don't make it. They've made the determination on the, on the merits. They, the board says that, but it, in the decision, there is no, there is no specification. There's, there's no analysis of any of the hardship factors that are set forth in the decision. That's because they give it to you. They give it to you. They say, granted, let's, let's assume you're right. Nevertheless. I'm sorry, but, but they didn't say that. They said that they didn't, they do not give the hardship. They say that, that they say that the plaintiff, the Petitioner did not establish a prima facie case on the issue of extreme hardship. Well, that's the whole point, though. Even if Mr. Garcia's conduct does trigger that section, well, I read it before. There's no reason to go over it again. Yes, Your Honor. So, so I believe there's no bar under, under 1252A2B1, nor is there a bar under Section 8 U.S.C. 1252A2B2. In this case, as in Medina-Morales, there is no, Congress did not specify, that being the operative word, that the Attorney General has discretionary authority over motions to remand. There is a so-called default discretionary authority versus the specified discretionary authority. And there is, so, so neither, neither 1252A2B1 nor 2 would preclude this Court from, from exercising jurisdiction. And this is, this is, of course, a motion to remand and not a motion to reopen. However, the, as the Board said in its decision, the requirements are essentially the same. And don't forget, we have to add that there is a strong presumption in favor of judicial review of administrative action, the sincere case, plus the longstanding principle of construing ambiguous deportation and removal statutes in favor of the alien. If there is jurisdiction, the government believes that remand is appropriate to address the extreme cruelly, extreme cruelty and extreme hardship elements. The Petitioner agrees, but suggests that remand to the IJ is more appropriate given that there has been at least a prima facie showing on all three elements. Battery, the evidence shows there was a violent shaking of the U.S. citizen daughter involved. This court, this court and the common law in general will tell us that an offensive touching is enough to be battery. On the issue of extreme cruelty, the county of San Diego substantiated that there is, there was emotional abuse of the daughter, Roxana. This court in the Hernandez case ruled that extreme cruelty includes mental or psychological abuse. And because this statute is an ameliorative statute, it should be interpreted and applied in an ameliorative fashion. And on the issue of hardship, again, the board doesn't say, it just says there, we haven't made a prima facie showing, but the respondent has spent more than half of her life in this country. She has three U.S. citizen children, 15, 13 and nine. There are medical issues for two of the children, plus the economic conditions in the country of return, the 10 year bar under the so-called unlawful, unlawful presence provisions. And but the board didn't refer to any of these factors. What factors are there here that isn't in every case where somebody has been in this country and had U.S. That's always an unfortunate circumstance. But that doesn't I mean, if we take that into account and we say that's conclusive and binding and we have the board has to find extreme hardship in that situation, it becomes meaningless. Well, but it's very easy to have citizen children. You just need to be here a little more than a year and quickly have citizen children. That's true. But but the statute, the statute, there is the statute does provide for the relief. This is a case involving. But there are cases and there have been cases where there really has been extreme hardship other than the obvious dislocation that comes from having to move after having been here for a long time. And I mean, that's that's that's taken as a given. And there often are, you know, sort of elderly parents and specific kinds of illness that can only be treated here. There are series of circumstances. All I see here is the unfortunate circumstance that she stayed here. She chose to have children here and they grew up here when she had no lawful status. And well, she had more than more than half her life here. The children are they're not of tender age. This is not a this is, I think, more hardship than you would find in the typical case. You know, people argued both ways of tender age and therefore, you know, it'd be very disruptive for them to leave. And, you know, there's nothing specific. There's nothing special here, right? There's not. I think there is because she's been here more than half her life. And I think that that is a strong that is a strong factor on that. We'd have to vacate the BIA's ruling that there was no hardship. We'd have to say they're wrong and they couldn't in these circumstances find absence of extreme hardship. Well, even the even the government agrees that the board did not did not address the hardship issue. It's very conclusive. It's a one sentence. There's no mention of the Anderson. None of the factors. It's a the petitioner submitted a detailed declaration on almost all of the hit of the Anderson hardship factors. Yet the board didn't address specifically any one of those factors. And that in itself should be enough for a remand. Your honor. Thank you. OK, thank you. May it please the court. My name is Jennifer Paisner on behalf of the respondent, Alberto Gonzalez. The court in this case lacks jurisdiction over the board's denial of the motion to remand because it was, in essence, a judgment regarding the granting of the. See, there you go. In essence, the minute weasel words get into the equation, I get nervous. The other side says this masquerades as a judgment on the merits. Let me take out the words. In essence, it was a judgment regarding. Why? Because the other side says this simply masquerades as one because there's absolutely no analysis at all. It's just a conclusionary statement. Well, there doesn't have to be any analysis. The board specifically states. I mean, it can be like our memo discourse. Excuse me. Never mind. The board specifically states we are still unable to find that the respondent has shown prima facie proof that she would satisfy the extreme hardship requirement of Section 240 AB 2 of the Act. That is a judgment regarding the discretionary relief of cancellation of removal. This court has held numerous times that it lacks jurisdiction over that discretionary determination. The fact that the discretionary determination was made in the context of a motion to remand is irrelevant. And that is why this case is different from Medina-Morales. In Medina-Morales, no judgment was ever made concerning the petitioner's application for adjustment of status. The board exercised its discretion in denying the motion to reopen. It didn't exercise its discretion in denying the adjustment of status application on the merits. So we never have any jurisdiction to review one of these kinds of judgments, period? Well, that's the law of this circuit, and I believe every other circuit, that there is no jurisdiction to review it. Well, that's the law of this circuit, that there is no jurisdiction to review a judgment regarding the discretionary relief of cancellation of removal. What that means is a decision on the discretionary factor of extreme hardship versus a determination as to length of residency or the other statutory factors for getting cancellation of removal. So the fact that it's devoid of any explanation is irrelevant? It is. You just don't go there? That's correct. Okay, thank you. Thank you. And, Your Honor, you've got about 30 seconds left. Just to say, Your Honor, that the Medina-Morales case does distinguish between the discretionary – there is a discretionary element in the denial of the motion to reopen, motion to remand in this case, but it is not a – it is not a – this case does not involve the discretionary denial of the application for cancellation of removal because that application has not yet been presented. So this case is exactly like the case of the alien in Medina-Morales. The motion to reopen was to allow the alien to present that case. But extreme hardship – the IJ did adjudicate the question of – Cancellation of removal. I'm sorry.  Cancellation of removal. But under the 10-year – under the so-called B-1 or the 10-year cancellation statute – And extreme hardship was factoring that, too. No, sir, because that statute, the 10-year statute or the 10-year cancellation requires an extreme – showing of exceptional and extremely unusual hardship. And that's – that has been interpreted by the board to be a serious medical issue or a compelling special need of school. This is extreme hardship, so it's a lower standard. It's a somewhat different standard, but the question of hardship was adjudicated, so there was evidence of hardship presented to the IJ and to the BIA. It was – so when it said there is no palmar fascia showing of unusual hardship, it wasn't extreme hardship. I'm sorry, extreme hardship. It wasn't just saying this based on no record. It had a record of hardship. Yes. Trying to prove a somewhat different standard. And then it took a look and then it said there's no point in remanding for this other thing because we have – there's no palmar fascia showing of – Of extreme hardship. Of extreme hardship. That's true, but the board did not – the board did not deny the application for cancellation removal. It denied the motion to remand because no showing of palmar fascia – no palmar fascia showing of extreme hardship. And that is the issue before the court, and that is an issue which I believe under medial moralis the court can still review. There is a discretionary element, but – It's not an implausible argument. I think it falls into a gray area. Yes, Your Honor. I hope it's gray – the California gray, Your Honor. Thank you, sir. Okay, thank you. Case is argued. We'll stay a minute. Next we'll hear Keoghan versus Gonzales. The tip is Mr. Gonzales is in court a lot today.
judges: Kozinski, Trott, Bea